CARIKER et al. v. DAVIS et al. (No. 1360.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 10, 1914. Rehearing Denied Jan. 7, 1915.)

1. BOUNDARIES (§ 8*)—SURVEYED LANDS—CONFLICTING CALLS.

The footsteps of the surveyor should be followed, and his location of the line be accepted as the true line, notwithstanding conflicting calls of the deed, which rule applies to original surveys first establishing a line, and not to an attempt to locate an older line called for in a subsequent deed.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 66–76; Dec. Dig. § 8.*]

2. TRESPASS TO TRY TITLE (§ 41*) — SUFFICIENCY OF EVIDENCE.

In trespass to try title to a wedge-shaped tract lying between the boundary line of two adjoining surveys, and the line which plaintiff's ancestor, the common source of title, had run on the ground in 1872, judgment for defendants on the ground that it was conveyed by deed from the common source to their predecessor, and locating the true boundary line, held sustained by the evidence.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

Error to District Court, Panola County; W. C. Buford, Judge.

Trespass to try title by Joe Cariker and others against A. W. Davis, Jr., and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

H. N. Nelson, D. C. Cariker, and Brooke & Woolworth, all of Carthage, for plaintiffs in error. W. R. Anderson, W. G. Banks, and R. W. Priest, all of Carthage, for defendants in error.

HODGES, J. This is an action of trespass to try title, brought by the plaintiffs in error against the defendants in error to re-

cover a tract of 14.2 acres of land described as a part of the Henry Runnels survey in Panola county. The west boundary line of the Runnels survey forms the east boundary line of the Thompson survey, and their corners at the north end of this line are the same. Prior to 1872, both of these surveys were owned by Jacob S. Cariker, the common source for all parties. About that time, in order to make a division of his property between his children, he caused a line to be surveyed running north from the southwest corner of the Runnels survey to its north boundary line. The evidence shows that he then established a corner 102 varas east of where the original corner of the Runnels and Thompson surveys had previously been located and is now shown to be. His deed thereafter to his son Jesse Cariker, under whom the defendants in this suit claim, called for the west boundary line of the Runnels survey running from the northwest corner of that survey and the northeast corner of the Thompson survey. He subsequently conveyed land on the west, and in describing it called for the east boundary line of the Thompson survey, which was also the west boundary line of the Runnels survey. There was a wedge-shaped tract lying between the east boundary line of the Thompson survey and the line Cariker ran on the ground in 1872. That is the land involved in this suit. The appellants claim as the heirs of Jacob S. Cariker, and contend that this wedge-shaped strip was not disposed of by their ancestor in his deed to Jesse Cariker.

[1, 2] It is conceded that, according to the descriptions contained in the deed calling for the west boundary line of the Runnels survey, the defendants in error are entitled to the land involved in this suit, and the court so found. It is contended, however, that, inasmuch as Jacob S. Cariker in dividing his property established a line different from that which could be considered the true line of the original survey, his line would control; that it would be the duty of the parties, in selecting the land described in the deed, to follow the footsteps of that surveyor. We understand the general rule to be that the footsteps of the surveyor should be followed, and his location of the line must be accepted as the true line, notwithstanding conflicting calls in the deed. That rule, however, we think should apply to original surveys in establishing a line for the first time, and not attempts to locate an older line where the older line is called for in the deed subsequently made. Evidently Jacob S. Cariker, in running the line he did in 1872, or about that time, was undertaking to locate the true west boundary line of the Runnels survey. The court finds that to run the west boundary line of that survey according to the calls for course in the original field notes would locate it at the point where Cariker had established

it. He also finds, however, that the northwest corner of the Runnels survey was in fact established at a different place, 102 varas west of the Cariker corner. The field notes show that the west boundary line of the Runnels survey was the first line described in the original field notes. And while the line may not have been marked, as the testimony seems to indicate, both the southwest and the northwest corners appear to have been established. It follows that a straight line between those corners would be the true west boundary line.

The only assignment of error is that which complains of the sufficiency of the evidence to support the finding of the court. We think the evidence was sufficient, and the judgment is therefore affirmed.